**STATE of Minnesota, Respondent,**

v.

**Kenneth Lee JORGENSEN, a.k.a. Kenneth Lee Johnson, Appellant.**

**No. C6–84–1632.**

Court of Appeals of Minnesota.

April 2, 1985.

Richard D. Berens, Johnson, Berens & Wilson, Fairmont, for respondent.

Gregory E. Kuderer, Erickson, Zierke, Kuderer, Myster, Madsen & Wollschlager, P.A., Fairmont, for appellant.

Considered and decided by POPOVICH, C.J., and LANSING and HUSPENI, JJ., with oral argument waived.

## SUMMARY OPINION

LANSING, Judge.

## FACTS

On February 20, 1983, Kenneth Lee Jorgensen, a.k.a. Kenneth Lee Johnson, was arrested in Fairmont, Minnesota, and charged with speeding and D.W.I. A police officer read him the implied consent advisory, including the statutory language that his driving privileges may be revoked for 90 days or more if a chemical test showed him to be under the influence. *See* Minn.Stat. § 169.123, subd. 2(b)(3) (1984). Appellant consented to a breath test, which showed a blood alcohol concentration of .19, resulting in revocation of his license.

Before appellant's criminal trial for D.W.I. the trial court denied his motion to suppress the test results. We denied discretionary review. After stipulating to certain facts, appellant was subsequently convicted of D.W.I. under Minn.Stat. § 169.-121, subd. 1(d) (1984).

## DECISION

Appellant contends on appeal that he was denied due process because the implied consent advisory read to him was misleading; it indicated his license "may" be revoked instead of "shall" be revoked. *Compare* Minn.Stat. § 169.123, subd. 2(b)(3) *with id.* § 169.123, subd. 4. This contention was rejected in *State v. Frank,* 365 N.W.2d 313 (Minn.Ct.App.1985), a companion case filed today.

Affirmed.